IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW HOUSTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GEORGE W. HILL CORRECTIONAL | : | NO. 14-2735 |
| FACILITY | : | |
| MICHAEL MOORE | : | |

**MEMORANDUM**

JONES, J.                                                                                           MAY /9, 2014

Plaintiff Matthew Houston brings this action pursuant to 42 U.S.C. § 1983 based on the conditions at the George W. Hill Correctional Facility, where he was recently incarcerated. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint without prejudice to him filing an amended complaint.

I.    FACTS

Plaintiff's claims arise out of his allegation that the George W. Hill Correctional Facility was overcrowded during his recent incarceration there in the fall of 2013. Specifically, he alleges that he was held in the intake unit for a day before he was processed. He subsequently "[spent] 3 nights in a processing cell at the front of the prison where the intake unit is located with 24 other individuals." (Compl. ¶ III.C.) Thereafter, plaintiff was housed with three other inmates in an intake cell for a month and a half. He alleges that the Warden, Michael Moore, and the intake officer "knew about the situation." (*Id.*) Plaintiff asserts that he "became very sick and also received sleep treatment," and that he "began to have [migraine] headaches." (*Id.* ¶ IV.)

Based on those allegations, plaintiff brought this action against the George W. Hill Correctional Facility and Michael Moore. Although he identified two additional defendants on the second page of his complaint—Dave Hogue and John A. Reilly Jr.—he did not name those individuals as defendants in the caption of the complaint as required by Federal Rule of Civil Procedure 10(a). Plaintiff seeks damages for the alleged violation of his rights.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Phillips v. Cnty of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008) ("[T]here must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation."). "In this review, courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quotations omitted). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Plaintiff's claims against the George W. Hill Correctional Facility must be dismissed because "'[t]he George W. Hill Correctional Facility is not a legal entity susceptible to suit.'" *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20,

2010) (quoting *Ignudo v. McPhearson*, Civ. A. No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004)); *see also Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws."). Accordingly, plaintiff cannot state a § 1983 claim against that defendant.

Plaintiff's claims also fail substantively. The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor (Hubbard I)*, 399 F.3d 150, 166 (3d Cir. 2005). As plaintiff's status during his 2013 incarceration is not clear from the complaint, the Court will analyze the complaint under both amendments. To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). He must also establish that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To establish a basis for a Fourteenth Amendment violation, a prisoner must establish that the conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). That inquiry generally turns on whether the conditions have a purpose other than punishment and whether the conditions are excessive in relation to that purpose. *See id.* at 538-39; *Hubbard I*, 399 F.3d at 158.

Housing multiple inmates in a cell does not alone establish a constitutional violation. *See Hubbard v. Taylor (Hubbard II)*, 538 F.3d 229, 236 & n.6 (3d Cir. 2008) (pretrial detainees do not have a right "to be free from triple-celling or from sleeping on a mattress placed on the floor."); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-

3

bunking of cells, alone, is not per se unconstitutional."). Instead, in assessing whether a prisoner's conditions of confinement violate the Eighth or Fourteenth Amendment, a court should consider the totality of the circumstances. *See, e.g., Hubbard II*, 538 F.3d at 235; *Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996); *Union Cnty Jail Inmates v. DiBuono*, 713 F.2d 984, 1000-01 (3d Cir. 1983).

At most, plaintiff asserts that he was confined with multiple inmates in areas and/or cells of indeterminate size for a relatively short period of time. Without more, his sparse allegations fail to state a claim because they do not plausibly establish that the conditions of confinement at the George W. Hill Correctional Facility amounted to punishment or deprived plaintiff of any basic human need such as food, medical care, sanitation, or security. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Bell*, 441 U.S. at 542-43 (double-bunking did not violate constitutional rights of pretrial detainees when detainees had sufficient space for sleeping and use of common areas, and the average length of incarceration was 60 days); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard II*, 538 F.3d at 232-35 (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment). Although plaintiff alleges that he became sick and experienced headaches at some point during his incarceration, the complaint does not establish how those ailments relate to the conditions of plaintiff's confinement. Nor does plaintiff allege that he was denied treatment for

any medical conditions. Furthermore, Plaintiff's allegations that certain defendants "knew about the situation" are too conclusory to plausibly establish that the defendants were personally involved in any of the alleged violations of plaintiff's rights. *See Baraka v. McGreevey,* 481 F.3d 187, 210 (3d Cir. 2007) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable . . . ." (quotations omitted)); *see also Iqbal,* 556 U.S. at 680-81.

## IV.   CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed for failure to state a claim. The dismissal is without prejudice to plaintiff filing an amended complaint in the event he can state a plausible claim against an appropriate defendant or defendants. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.